UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE EISEN, individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PORSCHE CARS NORTH AMERICA, INC.,<br><br>　　　　　Defendant. | CASE NO.  CV11-9405 CAS (FFMx)<br><br>**DISCOVERY DOCUMENT**<br><br>*[Referred to Magistrate Judge Frederick F. Mumm]*<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY COURT<br><br>Complaint Filed:　November 10, 2011<br>Discovery Cut-Off:　Not Set<br>Trial Date:　Not Set |

　　　Plaintiff Bruce Eisen ("Plaintiff") and Defendant Porsche Cars North America, Inc. ("Defendant"), by and through their respective counsel of record, hereby STIPULATE and AGREE as follows, and accordingly request the Court enter the following protective order:

　　　**WHEREAS**, in recognition of the fact that Plaintiff, individually, and on behalf of a class of similarly situated individuals, and his counsel of record will seek from Defendant documents and information which Defendant alleges

constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information (hereinafter referred to as "Confidential Information"); and

**WHEREAS**, Defendant recognizes that certain such Documents and Information may be subject to discovery from time to time in the course of the litigation of the above-captioned matter *Bruce Eisen v. Porsche Cars North America Inc.,* Case No. CV 11-9405 CAS (FFMx) (hereinafter referred to as the "Action" or "Litigation");

**NOW THEREFORE**, Plaintiff and Defendant, by and through their attorneys, stipulate to the following:

1. <u>Applicability of Order.</u>  This Order will govern the handling of documents and all discovery obtained pursuant to the Federal Rules of Civil Procedure or which is voluntarily produced without regard to the use of the Federal Rules of Civil Procedure by or from any party, person, or entity in connection with the Litigation (this information hereinafter referred to as "Discovery Material").  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information.  This Order does not govern trial proceedings in this Litigation.  Nothing in this Order will prevent counsel from using Confidential Information in connection with any work product created by or on behalf of that counsel.  Such work product may be retained by the counsel creating it.  However, Confidential Information in such work product will remain Confidential Information that may not be shared with any entity or person except as otherwise provided in this Order.

2. <u>Designation of Material.</u>  Any Producing Party may designate Discovery Material that is in their possession, custody, or control to be produced to a Receiving Party as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, Confidential Information as defined in paragraph 4, below.

1  3. <u>Exercise of Restraint and Care in Designating Material for Protection.</u>
2  Each party or non-party that designates information or items for protection under
3  this Order must take care to limit any such designation to specific material that
4  qualifies under the appropriate standards.

5  4. <u>Confidential Information.</u>  For purposes of this Order, Confidential
6  Information is any information that a party believes in good faith to be confidential
7  information, including trade secrets, research, design, development, financial,
8  technical, marketing, planning, personal, or commercial information, as such terms
9  are used in all applicable Federal Rules of Civil Procedure.  Confidential
10 Information also encompasses private or personal information belonging to class
11 members, putative class members, and Porsche customers whose names are used in
12 connection with the Litigation.  For the purposes of this Order, private or personal
13 information is: street addresses and former street addresses of any natural person,
14 Social Security numbers, telephone numbers, email addresses, dates of birth,
15 driver's license numbers, account numbers, maiden names of mothers and
16 passwords.

17 5. <u>Designating Confidential Information.</u>  The designation of Discovery
18 Material as Confidential Information for purposes of this Order shall be made in the
19 following manner:

20  a. <u>Documents.</u>  In the case of documents or other materials (apart
21  from depositions or other pre-trial testimony), designation shall be made by
22  unobtrusively affixing the legend "Confidential – Bruce Eisen v. Porsche
23  Cars North America Inc. – Case No.  CV 11-9405 CAS (FFMx)" to each
24  page containing any Confidential Information.  The Receiving Party shall
25  exercise good faith efforts to ensure that copies it makes of Discovery
26  Material produced to it, and copies made by others who obtained such
27  Discovery Material directly or indirectly from the Receiving Party, with the
28  exception of any work product, include the appropriate confidentiality

1  legend, to the same extent that the Discovery Material has been marked with
2  the appropriate confidentiality legend by the Producing Party.

3        b. <u>Depositions and Other Proceedings</u>.  In the case of depositions
4  or other pre-trial testimony, designation of the portion of the transcript
5  (including exhibits) which contains Confidential Information shall be made
6  (i) by a statement to such effect on the record during the proceeding in which
7  the testimony is received, or (ii) by written notice served on counsel of record
8  in this Litigation within thirty (30) business days after the receipt of the
9  transcript of such proceeding.  However, before such thirty (30) day period
10 expires, all testimony, exhibits and transcripts of depositions or other
11 testimony shall be available only to those persons described in paragraph
12 9(a)-(b).  The court reporter shall operate in a manner consistent with this
13 Order and shall separately label the confidential portions of the deposition
14 transcript, including documents and other exhibits containing confidential
15 information.

16       c. <u>Non-Written Materials.</u>  Any electronic, visual, or other
17 Confidential Information not on paper shall be designated as identified in
18 Paragraph 5(a) on the exterior surface of the container or object that contains
19 the electronic, visual or other non-paper Confidential Information.  In
20 addition, the Disclosing Party shall use its best efforts to affix the legend
21 described in Paragraph 5(a) to any electronic, visual, or other medium so that
22 the legend is visible while the medium is being viewed.

23       d. In the event a Receiving Party generates any copy or excerpt of
24 such electronic, visual or other medium, whether in the same or another
25 format, the person who generates such copy shall place the same confidential
26 designation identified in Paragraph 5(a) on the copy.

27 6.   <u>Inadvertent Disclosure.</u>  The inadvertent failure to designate Discovery
28 Material as Confidential does not constitute a waiver of such claim and may be

1  remedied by providing the other party with supplemental written notice within 10
2  days upon discovery of the inadvertent disclosure, with the effect that such
3  Discovery Material will be subject to the protections of this Order.
4        7.     <u>Notes of Confidential Information.</u>  Any notes, lists, memoranda,
5  indices or compilations prepared or based on an examination of Confidential
6  Information that quote from or paraphrase Confidential Information with such
7  specificity that the Confidential Information can be identified, or by reasonable
8  logical extension can be identified, shall be accorded the same status of
9  confidentiality as the underlying Confidential Information from which they are
10 made and shall be subject to all the terms of this Protective Order.
11       8.     <u>Notice to Non-Parties.</u>  Any party issuing a subpoena to a non-party
12 shall enclose a copy of this Protective Order with a request that, within ten (10)
13 calendar days, the non-party either request the protection of this Protective Order or
14 notify the issuing party that the non-party does not need the protection of this
15 Protective Order or wishes to seek different protection.
16       9.     <u>Persons Authorized to Receive Confidential Information</u>.  Discovery
17 Material designated "Confidential" as identified in Paragraph 5(a), or documents
18 derived from such material, may be disclosed, summarized, described,
19 characterized, or otherwise communicated or made available in whole or in part
20 only to the following persons:
21       a. The Court and Court personnel, including court reporters
22     retained by the parties;
23       b. Counsel named as representing the parties;
24       c. An employee of counsel named as representing the parties to
25     whom it is necessary that the material be shown for purposes of this
26     Litigation; and
27       d. Experts or professional advisors and persons regularly employed
28     in their offices retained by a party to assist is the prosecution or defense of

1　　　this Action, but only to the extent necessary for such person to perform their
2　　　assigned tasks in connection with this Action.
3　　　　　　　e.　All persons who receive Confidential Information and or
4　　　material/information accorded the status of confidentiality in this Action
5　　　shall: (a) maintain the confidentiality of such material and information in
6　　　accordance with the terms of this Protective Order; and (b) not release or
7　　　discuss the Confidential Information or the nature, substance or contents
8　　　thereof to competitors of the parties or others who would or could exploit it
9　　　for their own economic benefit.
10　　　　　　　f.　Plaintiff shall maintain a list of all persons, firms, or
11　　　organizations who have received Confidential Information. At the
12　　　conclusion of this Action, Plaintiff will furnish the attorneys for Defendant a
13　　　list of all persons, firms, organizations, including any expert consultants not
14　　　designated as expert witnesses by Plaintiff, who have received any
15　　　Confidential Information, as well as the Agreement (attached hereto as
16　　　Exhibit A) signed by each of them.
17　　　　　10.　<u>Use of Discovery Material</u>.  Discovery Material containing
18　Confidential Information shall be used solely for purposes of the Litigation,
19　including any appeal and retrial.  Any person or entity in possession of Discovery
20　Material designated Confidential as identified in Paragraph 5(a) shall maintain
21　those materials in accordance with this Order.
22　　　　　11.　<u>Storage of Confidential Information</u>.  The recipient of any Confidential
23　Information that is provided under this Protective Order shall use its best efforts to
24　maintain such information in a reasonably secure and safe manner that ensures that
25　access is limited to the persons authorized under this Order.
26　　　　　12.　<u>Filing of Confidential Information</u>.  Without written permission from
27　the Producing Party or a court order, a party may not file in the public record in this
28　Litigation any Confidential Information.  The parties shall comply with the

1 applicable Local Rules when seeking to file Confidential Information under seal.
2 Additionally, within seven (7) days from the date that the papers (or portions
3 thereof) were filed under seal consistent with the above procedures, the party who
4 filed the papers under seal also shall file in the public record a version of the papers
5 that has been redacted to omit the Confidential Information (or any references
6 thereto).

7       13. <u>Challenging Designation of Materials.</u> Failure by a party to challenge
8 the confidentiality of any document or information at the time of receipt thereof
9 shall not preclude a subsequent challenge thereto. In the event a party to this
10 litigation disagrees with the designation of any information as confidential, the
11 parties shall attempt to dispose of such dispute in good faith on an informal basis.
12 If the disagreement cannot be resolved in this fashion, the party contesting the
13 confidentiality of the material may, by sealed motion setting forth with specificity
14 the items challenged, seek an Order freeing the material in question from the
15 designation as "Confidential Information." **Any such motion must comply with**
16 **Local Rule 37. (FFM)** The party asserting that the documents or other tangible
17 litigation materials constitute "Confidential Information" shall bear the burden of
18 proof that the terms of this Protective Order apply. Any information as to which
19 such motion is made shall remain "Confidential Information" under the provisions
20 of this Order until further Order of the Court.

21       14. <u>No Application to Public or Otherwise Available Information</u>. This
22 Order shall not limit or restrict a Receiving Party's use of information that the
23 Receiving Party can demonstrate: (a) was lawfully in the Receiving Party's
24 possession prior to such information being designated as protected material in the
25 Litigation and that the Receiving Party is not otherwise obligated to treat as
26 confidential; (b) was obtained without any benefit or use of protected material from
27 a third party having the right to disclose such information to the Receiving Party
28 without restriction or obligation of confidentiality; (c) was independently developed

by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or (d) has been published to the general public. If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Information, the Receiving Party shall challenge the propriety of such designation using the procedure outlined in Paragraph 13, above.  Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

15. <u>No Waiver of Privilege.</u>  The production of Confidential Information shall not constitute a waiver of Defendant's claim in this Action or otherwise that said Confidential Information is privileged or is otherwise non-discoverable.

16. <u>Additional Parties or Attorneys.</u>  In the event additional parties join or intervene in this action, the newly joined parties shall not have access to Confidential Information until its counsel has executed its Agreement to be fully bound by this Order.  If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Information until they execute the Agreement.

17. <u>Protective Order Remains In Force</u>.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and/or additions to this Protective Order as the Court may from time to time deem appropriate.

18. <u>No Prejudice For Further Relief</u>.  This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

19. <u>No Waiver of Grounds For Producing Material.</u>  This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, undue burden, or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

20. <u>Conclusion of Litigation</u>.  Within sixty (60) days of the conclusion of the Action, by settlement or after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation with no further right of appeal by any person or entity, persons having received Confidential Information shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Information and, in either case, certify that fact to counsel for the Producing Party.  Counsel of record shall make arrangements for the return of Confidential Information that counsel of record provided to any persons or entities in Paragraph 9 (above), except the Court, court personnel, and court reporters.  Counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts, and attorney work product, provided that retained materials will continue to be covered by this Protective Order.  All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.  A Producing Party may, at any time, up to two years following the conclusion of this Litigation, advise a Receiving Party of its obligations under this paragraph and the Receiving Party shall either return the Confidential Information or certify its destruction within the 60 days provided above in this paragraph or within thirty (30) days of such notification, whichever is later.

21. <s>No Loss of Confidential Status by</s> <u>Use in Litigation or Appeal</u>.  In the event that any Confidential Information is used in any court proceeding in this Litigation or any appeal therefrom<s>, such Confidential Information shall not lose its status as Confidential through such use</s>.  Counsel shall comply with all applicable

- 9 -

DLA Piper LLP (US)
Los Angeles

[PROPOSED] STIPULATED PROTECTIVE ORDER
EAST\48450344.1

local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings~~, including petitioning the Court to close the courtroom~~. **(FFM)**

22. <u>Protected Material Subpoenaed or Ordered Produced in Other Actions</u>. If any Receiving Party or any person receiving documents through them is served with a subpoena, order, interrogatory, document or civil investigative demand, or any other legal demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Information by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand, overnight courier, email, or facsimile transmission within seven (7) business days of receipt of such Demand to the person, party, or third party who produced or designated the material as Confidential Information, and shall **not produce any such materials prior to the date specified in the Demand** ~~object to the production of such materials on the grounds of the existence of this Order~~. **(FFM)** The burden of opposing the enforcement of the Demand shall fall upon the Producing Party. Unless the Producing Party obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall not be subject to a claim of violation of this Order. Compliance by the Receiving Party with any court order issued by a court of competent jurisdiction directing production pursuant to the Demand of any Confidential Information shall not constitute a violation of this Order.

23. <u>Violations of Protective Order</u>. In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party may apply to the Court for relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the

aggrieved Disclosing Party seeks injunctive relief, it must apply to or move before the District Judge **assigned to this case** ~~issuing this Order~~. In the event the **assigned** ~~issuing~~ Judge is not available to hear such application or motion, the matter may be heard by another Judge of the United States District Court for the Central District of California. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order. **(FFM)**

24. <u>Right to Seek Modification</u>. The parties reserve the right to apply to the Court for any order modifying this Order or seeking further protections against discovery or other use of Confidential Information. Any protected third party requiring further confidentiality protection than is provided by this Order may petition the Court for a separate order governing disclosure of its Confidential Information.

25. <u>Headings</u>. The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order.

26. Upon the signing of this Order by the Court, this Order shall be effective against each Party as of the date of the signature of that Party or its representative. The Parties agree to abide by the terms of this Order prior to its approval by the Court.

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated: May 4, 2012

   /S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

# EXHIBIT A

**AGREEMENT CONCERNING MATERIAL COVERED BY CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

The undersigned hereby acknowledges that he or she has read the attached Confidentiality Agreement and Protective Order ("Protective Order") entered in the United States District Court for the Central District of California, in the litigation known as *Bruce Eisen v. Porsche Cars North America Inc.*, Case No. CV 11-9405 CAS (FFMx), and understands the terms thereof and agrees to be bound by such terms. The undersigned further acknowledges and understands that a violation of the Protective Order could be punishable as a contempt of Court.

Dated:_____                    _____

                                                                                   _____
                                                                                              [Type or Print Name]

Executed in _____, _____, County of _____.
                          [City]                        [State]