Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorney for Objector,
Jill Weitzner

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE EISEN KYMMBERLI R. UREDA, LEE SMITH, and FREDERICK NELSON-BONEBRAKE individually, and on behalf of a class of similarly situated individuals, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| vs. | |
| PORSCHE CARS NORTH AMERICA, INC., | |
| Defendant. | |

**Case No.: CV11-9405 CAS (FFMx)**

**NOTICE OF OBJECTIONS TO CLASS SETTLEMENT AND INTENT TO APPEAR AT FINAL APPROVAL HEARING**

I.    INTRODUCTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD PLEASE TAKE NOTICE

that class member Jill Weitzner respectfully objects to the proposed class settlement reached by

Plaintiffs Bruce Eisen Kymmberli R. Ureda, Lee Smith, and Frederick Nelson-Bonebrake and

intends to appear at the December 2, 2013 Final Approval Hearing to present argument in

opposition to the fairness, adequacy, and reasonableness of the proposed class settlement in the

above-entitled action.[1] Class member Jill Weitzner is represented by her counsel, Eric A. LaGuardia.

## II.   ARGUMENT

A district court's approval of a class action settlement is contingent on "finding that it is fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(2); see also *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). A district court is required to consider class members' objections to a class action settlement. Fed. R. Civ. Pro. 23(e)(5); *Devlin v. Scardelletti*, 536 U.S. 1, 14, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002).

In order to ensure that the Court possesses sufficient information to make this evaluation, a dissatisfied class member is entitled to object to a class action settlement. *Manual for Complex Litigation* §21.643 (4th Ed. 2004); *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002); *Powers v. Eichen*, 229 F.3d 1249, 1251 (9th Cir. 2001); *Machado v. Pep Boys*, 2008 U.S. Dist. LEXIS 40890, at *5; 44 Employee Benefits Cas. (BNA) 1054 (C.D. Cal. 2008). "Objectors can provide important information regarding the fairness, adequacy, and reasonableness of settlements. Objectors can also play a beneficial role in opening a proposed settlement to scrutiny and identifying areas that need improvement." *Manual for Complex Litigation* §21.643.

In response to the Notice of Class Action Settlement ("Notice") she received, Ms. Weitzner objects to the proposed class settlement on the following grounds:

### 1.   The Proposed Settlement Is Unfair Because It Broadly Defines The Class While Providing Recovery To Only A Narrower Portion Of The Defined Members

First, the proposed settlement is unfair because it does not compensate members of the class, like Ms. Weitzner, who, upon suffering catastrophic engine failure due to a faulty IMS shaft in her 2005 Porsche Boxter, was denied compensation or assistance from Defendant. When Ms. Weitzner's 2005 Boxter suffered catastrophic engine failure due to a faulty IMS shaft, she made lengthy, diligent efforts to obtain remedy or assistance from Defendant in the hopes that Defendant would repair or otherwise compensate her for her engine's failure. Despite these

---

[1] Jill Weitzner is a member of the settlement class who received Notice and should be reached only through her counsel of record.

efforts, Defendant declined to offer any assistance or other remedy for Ms. Weitzner related to repairing or replacing her failed engine. Ms. Weitzner was quoted a price of over twelve thousand dollars for the cost of the necessary repair or replacement of her engine by a Porsche dealer. As a result of Defendant's refusal to provide any assistance, financially or otherwise, to repair or replace her failed engine, Ms. Weitzner was faced with having to pay the twelve thousand-plus dollars to repair or replace the engine herself. Ms. Weitzner was unable to pay the cost to repair or replace the engine and was forced to sell her vehicle.

As stated in Plaintiffs' First Amended Complaint in this action, the catastrophic failure of class members' engines resulting from Defendant's defective IMS shaft, diminished their vehicles' value, thereby depriving them of the benefit of the vehicle (and its value) for which they paid. Ms. Weizner, unable to pay the cost to repair or replace her engine, was forced to sell her vehicle for its fair market value, *minus* the quoted cost of repair or replacement of the engine totaling an amount in excess of twelve thousand dollars.

Despite Ms. Weitzner having suffered the precise injury of the class (a loss of the amount of money required to repair or replace her failed engine due to a defective IMS shaft), and having been included in the definition of the class members, Ms. Weitzner is foreclosed from any recovery by the proposed settlement agreement since the agreement provides in relevant part:

> Class Members shall **only** be entitled to reimbursement for a pre-notice repair or payment for a post-notice repair to the … extent that the Class Members *paid or do pay out of pocket for such a repair.* Class Members will not be paid or reimbursed for amounts paid or reimbursed by any other sources including, but not limited to, PCNA limited warranty, PCNA ACPO limited warranty, third party warranty, extended warranty insurance, dealer discounts or goodwill, or any other third party source.

While Ms. Weitzner suffered a loss equal to any class member who paid, or will pay, out of pocket costs to have their vehicle repaired or replaced due to the defect at issue, she recovers nothing from the Settlement under the terms proposed, while the other members would be reimbursed.

///

///

---

1    The proposed settlement is so blatantly unfair that it appears on its face to be an attempt

2    by Defendant to pay off the named Plaintiffs and buy off their attorneys in order to bar any other

3    potential class member from suing Porsche. For this reason, the proposed settlement is unfair and

4    approval should be denied.

5    
6    **2.  The Settlement is Unfair Because Class Counsel Negotiated a Settlement Before the Class was Certified, Denying the Opportunity to Review, Comment, or Object to Class Counsel's Attorney's Fees in violation of the Ninth Circuit's Decision in *Mercury Insurance***

7    
8    Second, Plaintiffs' settlement process violates the Ninth Circuit's rule set forth in

9    *Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988 (9th Cir

10   2010). In *Mercury Insurance*, the Court of Appeals stated "[w]e hold that the district court

11   abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the

12   objection deadline for class members on a date before the deadline for lead counsel to file their

13   fee motion. Moreover, the practice borders on a denial of due process because it deprives

14   objecting class members of a full and fair opportunity to contest class counsel's fee motion." *Id.*,

15   at 993.

16   In the present case, class counsel negotiated a settlement agreement before the class was

17   certified. Plaintiffs' violation of the rules applicable to settlement approval denies class

18   members' their due process opportunity to review, comment, and object to the aspect of the

19   settlement dealing with attorney's fees. Ms. Weitzner therefore generally objects to the

20   reasonableness of attorney's fees of almost a million dollars absent any submission of a timely

21   motion or billing records required for approval. *Id.*  at 993; *Jones v. GN Netcom, Inc.*, 654 F.3d

22   935, 943-4 (9th Cir. 2011).

23   Upon receiving an objection of a dissatisfied class member, the Court must balance the

24   purpose of class action settlements against its duty to safeguard the interests of absent class

25   members. *Trew v. Volvo Cars of North America*, 2007 WL 2239210, *2 (E.D. Cal. 2007),

26   quoting *Manual for Complex Litigation* at §21.635. The Court must "insure that it has adequate

27   information before it to inform an intelligent and objective opinion of the fairness and adequacy

28   of the settlement. *Newberg on Class Actions* §11.58 (4th Ed. 2002). "At the fee-setting stage

---

**NOTICE OF OBJECTIONS TO CLASS SETTLEMENT
AND INTENT TO APPEAR AT FINAL APPROVAL HEARING - 4**

1  when fees are to come out of the settlement fund, the district court has a fiduciary role for the

2  class." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 968 (9th Cir. 2009).

3           Where, as is the case here, class counsel negotiates a settlement agreement before the

4  class is certified, courts "must be particularly vigilant not only for explicit collusion, but also for

5  more subtle signs that class counsel have allowed pursuit of their own self-interests and that of

6  certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*,

7  654 F.3d 935, 947 (9th Cir. 2011). In this instance, approval "requires a higher standard of

8  fairness" and "a more probing inquiry than may normally be required under Rule 23(e)." *Hanlon*

9  *v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

10          In addition, the "settlement must stand or fall in its entirety." *Hanlon*, 150 F.3d at 1026.

11  The Court "may not delete, modify, or substitute certain provisions" of the settlement agreement

12  but rather "must consider the proposal as a whole and as submitted". *Officers for Justice*, 688

13  F.2d at 630.

14          For the foregoing reasons, Ms. Weitzner objects reasonableness of attorney's fees and

15  further objects that Plaintiffs' settlement violates the *Mercury Insurance* decision. Therefore, the

16  Parties' proposed settlement in this matter must fall in its entirety.

17
18  ### 3. The Settlement's Terms Prohibiting Compensation for Meritorious Objections Violates Ninth Circuit Law

19          Third, the parties to the proposed settlement have inserted settlement terms contrary to

20  the Ninth Circuit's decision in *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 968 (9th Cir.

21  2009), and are intended to curtail class member involvement. In paragraphs 19 and 21 of the

22  Settlement Agreement, there is language that denies class members a recovery of their attorney's

23  fees and costs when asserting a meritorious objection.

24          In *Rodriguez*, the Court of Appeals discussed the rules that apply to settlement objections

25  and when the objector is entitled to a recovery:

26          Under certain circumstances, attorneys for objectors may be entitled to attorneys'
27          fees from the fund created by class action litigation. Nonnamed members of
            certified class have the authority to object to the fairness of a settlement at the
28          fairness hearing required by Rule 23(e) of the Federal Rules of Civil Procedure, as

---

**NOTICE OF OBJECTIONS TO CLASS SETTLEMENT**
**AND INTENT TO APPEAR AT FINAL APPROVAL HEARING - 5**

well as appeal the court's decision to ignore their objections. See Devlin v. Scardelletti, 536 U.S. 1, 8-9, 14, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002).

If these objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051-52 (9th Cir. 2002). *Rodriguez*, at 658.

Here, paragraphs 19 and 21 of the settlement agreement violate settled authority and seek to create disincentive for class members who assert meritorious objections. Therefore, these provisions should not be approved and should be given no force or effect.

## III.   CONCLUSION

For all the aforementioned reasons, Jill Weitzner respectfully submits that final approval of the Settlement must be denied.


Respectfully submitted,


Dated: **October 15, 2013**                        **LAGUARDIA LAW**


                                                    /s/Eric A. LaGuardia_____
                                                    ERIC A. LAGUARDIA
                                                    Attorney for Objector,
                                                    Jill Weitzner

---

**NOTICE OF OBJECTIONS TO CLASS SETTLEMENT
AND INTENT TO APPEAR AT FINAL APPROVAL HEARING - 6**