UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-09405-CAS(FFMx) | Date | April 25, 2014 |
|---|---|---|---|
| Title | BRUCE EISEN V. PORSCHE CARS NORTH AMERICA INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants

Not Present                                             Not Present

**Proceedings:**  (In Chambers:) MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR Jill WEITZNER (Dkt. 73, filed April 3, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of May 12, 2014, is vacated, and the matter is hereby taken under submission.

On January 30, 2014, the Court granted final approval of a class action settlement in this case over the objection of classmember Jill Weitzner. Dkt. 68. On February 25, 2014, objector Weitzner appealed this Court's order granting final approval. Dkt. 70. Plaintiffs moved, on April 3, 2014, for an order requiring objector to post an appeal bond. Dkt. 73. On April 21, 2014, objector filed her opposition, dkt. 78, and on April 24, 2014, plaintiffs replied, dkt. 79. After considering the parties' arguments, the Court finds and concludes as follows.

Under Federal Rule of Appellate Procedure 7, district courts have the discretion both to determine whether a bond is appropriate and if so, in what amount. Fleury v. Richemont N. Am., Inc., 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). "A district court may require an appellant to file a bond . . . in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The Ninth Circuit has emphasized that Rule 7 says "may" instead of "shall." Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950 (9th Cir. 2007). Some district courts have interpreted Ninth Circuit authority to create a three factor test for deciding whether a Rule 7 bond is proper: (1) the appellant's ability to post a bond; (2) the risk that the appellant will not pay costs if the appeal is unsuccessful; and (3) the likelihood that the appellant will lose his or her appeal and be subject to costs. Fleury, 2008 WL 4680033, at *7 (applying the reasoning of Azizian,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-09405-CAS(FFMx) | Date | April 25, 2014 |
|---|---|---|---|
| Title | BRUCE EISEN V. PORSCHE CARS NORTH AMERICA INC. | | |

499 F.3d 950). A bond is meant to "protect an appellee against the risk of nonpayment by an unsuccessful appellant." Yingling v. Ebay, Inc., 2011 WL 2790181, at *1 (N.D. Cal. July 5, 2011).

Here, the Court finds that an appeal bond is appropriate. Applying the three factors articulated in Fleury, the Court first notes that objector does not provide any evidence suggesting that she would be unable to pay the bond. Cf. Miletak v. Allstate Ins. Co., 2012 WL 3686785, at *2. (N.D. Cal. Aug. 27, 2012) ("With regard to the first factor—namely, the ability to pay an bond—Objector Wilens has presented no evidence that she would be unable to pay an appeal bond. Thus, this factor weighs in favor of imposing an appeal bond."). The second factor—the likelihood of nonpayment—is neutral, as objector appears to reside in California. See Dkt. 47 (Weitzner Decl.); see also Miletak, 2012 WL 3686785, at *2. Lastly, the Court finds that objector is likely to be unsuccessful on the merits of her appeal, for substantially the same reasons stated in this Court's January 30, 2014 order. Dkt. 68. The Court therefore concludes that objector should post an appeal bond pursuant to Fed. R. App. P. 7.

Turning to the amount of the bond, plaintiffs requests a bond of $38,328.88. This figure is comprised of two categories of costs. The first category is plaintiffs' Fed. R. App. P. 39(e) costs, which plaintiffs calculate to be $2,695.18. Objector contests this amount, contending that, as appellee, plaintiffs' costs should be substantially less than $2695. Plaintiff, however, has submitted invoices and costs estimates, substantiating the $2,695.18 estimate. See Harris Decl. Exs. 7, 8. The Court thus adopts plaintiffs' estimate of its Rule 39(e) costs for purposes of this motion.

The balance of plaintiffs' requested bond amounts are increased settlement administration costs, including the cost of maintaining the settlement website. District courts are currently divided over whether the incremental costs of settlement administration are properly included within a Rule 7 appeal bond. In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 2013 WL 5775118, at *2 (C.D. Cal. Oct. 21, 2013). "Courts that refuse to impose appeal bonds to cover increased settlement administration costs reason that such costs are not 'costs on appeal' because they are not within the scope of the Rule 39(e) taxable costs or another applicable fee-shifting statute." Id. at *3 (citing In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig., 2013 WL 4735641, at *4 (E.D.N.Y. Sept. 3,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-09405-CAS(FFMx) | Date | April 25, 2014 |
|---|---|---|---|
| Title | BRUCE EISEN V. PORSCHE CARS NORTH AMERICA INC. | | |

2013)).  The Court finds this reasoning persuasive, and therefore declines to include incremental settlement administration costs within the bond amount.

     In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion requesting an appeal bond pursuant to Fed. R. App. P. 7.  On or before May 23, 2014, objector shall either post a bond in the amount of $2,700, or face dismissal of her appeal.

     IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |