1 | Stephen M. Harris, Bar No. 110626
   | smh@kpclegal.com
2 | Barry R. Gammell, Bar No. 103218
   | bg@kpclegal.com
3 | K.L. Myles, Bar No. 243272
   | klm@kpclegal.com
4 | KNAPP, PETERSEN & CLARKE
   | 550 North Brand Boulevard, Suite 1500
5 | Glendale, California 91203-1922
   | Telephone: (818) 547-5000
6 | Facsimile: (818) 547-5329

7 | Attorneys for Plaintiffs
   | BRUCE EISEN, KYMMBERLI R. UREDA, LEE
8 | SMITH, and FREDERICK NELSON-
   | BONEBRAKE, individually, and on behalf of a
9 | class of similarly situated individuals

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| BRUCE EISEN, KYMMBERLI R. UREDA, LEE SMITH, and FREDERICK NELSON-BONEBRAKE, individually, and on behalf of a class of similarly situated individuals, | ) NO.  CV11-9405 CAS (FFMx) |
| | ) Assigned for All Purposes to the Honorable Christina A. Snyder - Ctrm 5 |
| Plaintiffs, | ) |
| v. | ) Date:        October 27, 2014 |
| | ) Time:        10:00 a.m. |
| | ) Ctrm:        5 |
| PORSCHE CARS NORTH AMERICA, INC., | ) |
| | ) Date Action Filed: November 10, 2011 |
| Defendant. | ) **NOTICE OF MOTION AND MOTION FOR APPROVAL OF WITHDRAWL OF OBJECTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN M. HARRIS** |

KNAPP,
PETERSEN
& CLARKE

-1-

2116688.1  08000/00944

TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 27, 2014, at 10 a.m., or as soon thereafter as the matter can be heard in Courtroom 5 of this Court located at 312 North Spring Street, Los Angeles, CA 90012, Plaintiffs Bruce Eisen, Kymmberli R. Ureda, Lee Smith, and Frederick Nelson-Bonebrake ("Plaintiffs"), each individually and on behalf of all others similarly situated, as well as and their counsel, Stephen M. Harris of Knapp, Petersen & Clarke ("Class Counsel") will move the court for an order approving withdrawal of the objections to the Settlement by Objector Jill Weitzner ("Weitzner"), and her counsel, Eric A. LaGuardia of LaGuardia Law ("Weitzner's counsel") based on the settlement agreement entered into between Weitzner, her counsel and Class Counsel.

This motion is made pursuant to Federal Rule of Civil Procedure 23 (e) (5), and is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Stephen M. Harris, and all other documents and arguments submitted in support thereof.

This motion has not been preceded by a formal meet and confer conference between counsel, pursuant to Local Rule 7-3, since counsel for Weitzner does not oppose the motion and instead joins in it.

Dated: September 26, 2014                KNAPP, PETERSEN & CLARKE

By: /s/Stephen M. Harris
   ──────────────────────────
   Stephen M. Harris
   Attorneys for Plaintiffs
   BRUCE EISEN, KYMMBERLI R.
   UREDA, LEE SMITH, and
   FREDERICK NELSON-
   BONEBRAKE, individually, and on
   behalf of a class of similarly situated
   individuals

KNAPP,
PETERSEN
& CLARKE

2116688.1  08000/00944

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

### A. Prefatory Statement

This motion requests approval of withdrawal Weitzner's objections and settlement of her claims. Weitzner is the only objector challenging final approval of a nationwide class action settlement by this court in January of 2014. (See district court docket, "CDD" 69.) The motion more specifically requests approval of the withdrawal of the objections of Weitzner, in return for payment of $25,000, and in consideration for the other terms of the settlement. The payment comes from Class Counsel's fees and thus does not prejudice the class in any way.

Plaintiffs and Class Counsel have agreed to pay Weitzner and Weitzner's counsel the sum of $25,000 as consideration for withdrawal of the objections. The payment will be made out of the fee award of class counsel and not out of the sums due to any class member. The payment is made to expedite the payment of benefits to the class.

The Agreement is conditioned on this court approving the settlement, pursuant to Federal Rule of Civil Procedure 23 (e) (5). Weitzner's appeal was recently dismissed without prejudice to being reinstated, in order to facilitate the present motion seeking district court approval of the agreement. Ninth Circuit Docket ("AD", No. 19.)

### B. Factual Background

Plaintiffs brought this action on behalf of themselves and a nationwide class of over 57,900 current and former owners and lessees of certain 2001 through 2005 Porsche Boxster vehicles and certain 2001 through 2005 Porsche 911 vehicles distributed and sold by defendant Porsche Cars North America, Inc. ("PCNA", or "Defendant"). They allege that defects in the design, manufacture, and assembly of the engines installed in the class vehicles resulted in mechanical failures in the Class

KNAPP,
PETERSEN
& CLARKE

2116688.1 08000/00944

Vehicles. Plaintiffs further allege that the mechanical failure is due to an intermediate shaft ("IMS") condition which causes engine failure, or engine damage ("Engine Defect") (CDD 26, First Amended Complaint ¶ 6).

Plaintiffs and PCNA settled the nationwide class claims, and the court granted preliminary approval of the settlement in April of 2013.

As part of the settlement, PCNA has agreed to reimburse or compensate class members who have, or will, incur costs in connection with repairing or replacing an engine when said damage is or has been caused or contributed to by the IMS, subject to certain time and mileage limitations. PCNA will also pay limited out-of-pocket costs for towing and/or a replacement rental vehicle. PCNA's obligations are based upon the payment and reimbursement schedule in the Agreement. (CDD 56, #677.)

The claims administrator mailed notice of the settlement to 235,152 potential class members, and there were as of January of 2014, there were 3,275 claims received and processed. As of January 3, 2014, there were 544 eligible pre-notice reimbursement claims with a gross value of $4,341,154.29 and a net value (after application of the payment schedule) of $1,905,458.88. Also, as of January 3, 2014, there were 38 post notice claims which PCNA has approved with a value of $665,699.11. Moreover, Plaintiffs estimated in January of 2014, that the total value of the settlement was 5,957,740, including anticipated future claims, deficiencies which are cured, and future repair costs averted by virtue of the notice. (CDD 54, #573; CDD 62.)

However, as of May of 2014, benefits made available to class members approached $4,000,000. (CDD, 82, # 1530.)

In contrast, there have only been 243 opt outs and 53 objections, thus indicating that the class approves the settlement entered into by the parties. (CDD 54, # 573.)

On December 23, 2013, Plaintiffs and Class Counsel filed a motion for final approval of the class action settlement and a motion for final approval of the

-4-

attorneys' fees and costs of Class Counsel, claim administration expenses, and the enhancement awards to the named Plaintiffs. (CDD 54-56.) Class Counsel and counsel for PCNA also filed responses to 53 objections to the class action settlement, which had been submitted by class members. (CDD 57-58.) One of the objections to the settlement was by Weitzner. (CDD 58-12, ## 1257-1265.)

The final approval hearing took place on January 6, 2014. This court thereafter granted final approval of the class action settlement, and Class Counsel's application for attorneys' fees and costs, as well as the claims administrator's expenses and the Plaintiffs and class representatives' enhancement awards. (CDD 69.) The court found that the settlement was fair, reasonable and adequate and overruled all objections to the settlement, including Weitzner's. (*Id.*)

Weitzner thereafter filed an appeal of the final approval order, on February 25, 2014, through Weitzner's counsel. (CDD 70-71.) Plaintiffs' motion to dismiss the appeal was denied without prejudice and Plaintiffs motion to require Weitzner to post a bond for appeal costs was granted in part, with this court reiterating that it found Weitzner's objections to be without merit. (See, AD, 8; CDD 81.)

The appeal has been dismissed without prejudice to being reinstated if the court does not approve the Agreement regarding withdrawal of the objections by Weitzner and her counsel. (AD, No. 19.)

C.     **Agreement Between The Parties**

Weitzner and Plaintiffs have agreed to the following:

- Class Counsel shall pay $25,000 to Weitzner and her counsel in full and final satisfaction of any claims she may have;
- The payment is to be made out of Class Counsel's fee award;
- The agreement is conditioned on court approval;
- In return for the Agreement, Weitzner's objections will be withdrawn.

See, exhibit 1, attached hereto, and Harris Declaration, attached hereto, ¶¶ 1-6.

///

## II.

## ARGUMENT

### A. The Court Has Authority To Approve The Agreement And Withdrawal Of The Objections

Federal Rule of Civil Procedure 23 (e) (5) requires the district court to approve any agreement providing for withdrawal of objections. The Advisory Committee notes to the 2003 amendment to this statute, relating to this subdivision, specify that if the parties agree that the objections are to be withdrawn, the district court has the authority to approve this request:

> Approval under paragraph (4)(B) may be given or denied with little need for further inquiry if the objection and the disposition go only to a protest that the individual treatment afforded the objector under the proposed settlement is unfair because of factors that distinguish the objector from other class members. Different considerations may apply if the objector has protested that the proposed settlement is not fair, reasonable, or adequate on grounds that apply generally to a class or subclass. Such objections, which purport to represent class-wide interests, may augment the opportunity for obstruction or delay. If such objections are surrendered on terms that do not affect the class settlement or the objector's participation in the class settlement, the court often can approve withdrawal of the objections without elaborate inquiry.

*Id.*

Here, the parties seek approval of the agreement providing that the objections are to be withdrawn, in return for payment of the sum of $25,000 to the objector. The agreement is conditioned upon court approval. Based on the reasons set forth herein, and in the declaration of the Stephen M. Harris, as well as in the Agreement attached as exhibit 1, it is respectfully submitted that this court approve the Agreement, and

-6-

KNAPP,
PETERSEN
& CLARKE

2116688.1 08000/00944

withdrawal of the objections pursuant thereto, with each party to otherwise bear their own costs and fees.

### B. The Agreement Will Expedite Payment of Settlement Benefits And Not Reduce Benefits Available to Class Members

The Agreement specifies that the $25,000 payment will be made out of Class Counsel's fees, and not out of any sums due to class members. Thus, it will not reduce class member benefits in any way, or prejudice the class at all. In contrast, if the objections are not to be withdrawn in return for the $25,000 monetary payment, reinstating the appeal may very well result in further delay of 9-12 months, thus delaying class member benefits, and reducing the value of the payment to them since they are not entitled to interest arising from the delayed payment. (Harris Declaration, ¶¶ 1-6, and exhibit 1, attached hereto.)

Thus, the court should approve the Agreement and the withdrawal of the objections pursuant thereto, in order to expedite extending the benefits of the Agreement to all members of the class.

### III.
### CONCLUSION

The motion should be granted in its entirety.

Dated: September 26, 2014        KNAPP, PETERSEN & CLARKE

By: /s/Stephen M. Harris
Stephen M. Harris
Attorneys for Plaintiffs
BRUCE EISEN, KYMMBERLI R. UREDA, LEE SMITH, and FREDERICK NELSON-BONEBRAKE, individually, and on behalf of a class of similarly situated individuals

KNAPP,
PETERSEN
& CLARKE

2116688.1  08000/00944

# DECLARATION OF STEPHEN M. HARRIS

I, Stephen M. Harris, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a member of the law firm of Knapp, Petersen & Clarke, counsel of record for Plaintiffs in this action, and class counsel.

2. Attached hereto as exhibit 1 is a true and correct copy of the parties Agreement.

3. I have entered into the Agreement to expedite a final resolution of this matter, and to expedite providing settlement benefits to class members. As of May of 2014, the value of settlement benefits extended to settlement class members was approximately $4,000,000. (CDD, 82, No. 1530.) I understand that the value of settlement benefits made available to class members has continued to increase since May of 2014.

4. I consider the appeal of Weitzner to be without merit, based on the nature of the objections raised, the briefs filed by the parties in response to the objections, the district court ruling, the applicable standard of review on appeal, and the applicable law. However, the appeal was filed approximately six months ago, and the briefs have not yet been filed by the parties. I am concerned that there could be additional delays approaching 9-12 months, in providing to class members the benefits of the settlement, if the appeal were to be reinstated. During this time frame, no interest would accrue on the sums owed to class members.

5. I therefore entered into the Agreement with the objector to expedite the process of ensuring that class members receive the benefits of the settlement provided for by the Class Action Settlement Agreement entered into between Plaintiffs, their counsel and PCNA. I am funding the settlement solely out of the award of fees to Class Counsel, and thus the benefits available to class members will not be reduced in any way by this settlement. Nor will class members be prejudiced in any way by this settlement since they will receive the benefits owed sooner rather

-8-

2116688.1 08000/00944

than later.

6. I respectfully request that this court approve the Agreement requiring that the objections be withdrawn and the appeal be dismissed, in return for the $25,000 payment to the objector and her attorney, out of the proceeds of the fees awarded to class counsel, pursuant to the terms of the Agreement attached hereto as exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of September, 2014, at Glendale, California.

/s/Stephen M. Harris
Stephen M. Harris

KNAPP,
PETERSEN
& CLARKE

2116688.1 08000/00944

EXHIBIT 1

## AGREEMENT CONCERNING OBJECTIONS OF OBJECTOR JILL WEITZNER

### I.

### INTRODUCTORY COMMENTS

1. On December 23, 2013, Plaintiffs Bruce Eisen, Kymmberli R. Ureda, Lee Smith, and Frederick Nelson-Bonebrake ("Plaintiffs"), and their counsel, Stephen M. Harris of Knapp, Petersen & Clarke ("Class Counsel"), filed a motion for final approval of a class action settlement and a motion for final approval of the attorneys' fees and costs of Class Counsel, claim administration expenses, and the enhancement awards to the named Plaintiffs. (See, Central District Docket ("CDD") 54-56.) Class Counsel and counsel for defendant Porsche Cars North America, Inc. ("PCNA") also filed responses to 53 objections to the class action settlement, which had been submitted by class members. (CDD 57-58.)

2. One of the objections to the settlement was by objector Jill Weitzner ("Weitzner"). (CDD 58-12, No.'s 1257-1265.)

3. The final approval hearing took place on January 6, 2014. The district court thereafter granted final approval of the class action settlement, and Class Counsel's application for attorneys' fees and costs, as well as the claims administrator's expenses and the Plaintiffs and class representatives enhancement awards. (CDD 69.) The court found that the settlement was fair, reasonable and adequate and overruled all objections to the settlement, including Weitzner's. (*Id.*)

-1-

4.    Weitzner thereafter filed an appeal of the final approval order, on February 25, 2014, through her counsel, Eric A. LaGuardia of LaGuardia Law ("Weitzner's counsel"). (CDD 70-71.) Plaintiffs' motion to dismiss the appeal was denied without prejudice by the ninth circuit and Plaintiffs motion to require Weitzner to post a bond for appeal costs was granted in part by the district court, with the district court reiterating that it found Weitzner's objections to be without merit. (Ninth Circuit Docket ("AD") 8; CDD 81.)

5.    Weitzner's opening brief is presently due September 3, 2014. (AD, 13-14.)

## II.
## RECITALS

6.    Class Counsel enters into this agreement to expedite a final resolution of this matter, and to expedite providing settlement benefits to class members. As of May of 2014, the value of settlement benefits extended to settlement class members was approximately $4,000,000. (CDD, 82, No. 1530.) Class Counsel understands that the value of settlement benefits made available to class members has continued to increase since May of 2014.

7.    Class Counsel considers the appeal of Weitzner to be without merit, based on the nature of the objections raised, the briefs filed by the parties in response to the objections, the district court ruling, the applicable standard of review on appeal, and the applicable law. However, the appeal was filed six

2087721.1 08000/00944

months ago, and the briefs have not yet been filed by the parties. Thus, Class Counsel is concerned that there could be additional delays approaching 6-9 months, in providing to class members the benefits of the settlement, until the ninth circuit decides the appeal. During this time frame no interest would accrue on the sums owed to class members. Class Counsel understands that Weitzner disagrees with the position of Class Counsel.

8. Class Counsel is therefore entering into a resolution with the objector to expedite the process of ensuring that class members receive the benefits of the settlement provided for by the Class Action Settlement Agreement entered into between Plaintiffs, their counsel and PCNA. . However, Class Counsel is funding the settlement solely out of the award of fees to Class Counsel, and thus the benefits available to class members will not be reduced in any way by this settlement. Nor will class members be prejudiced in any way by this settlement since they will receive the benefits owed sooner rather than later.

## III.
## SETTLEMENT TERMS

### A. <u>Weitzner Agrees She Is A Member Of The Settlement Class</u>

9. This settlement is predicated on Weitzner's agreement that she has not opted out of the class action settlement which is the subject of the court's final approval order (CDD 69), and thus is bound by all the terms of the court's final approval order, and the settlement agreement which was the subject of the court's

2087721.1 08000/00944

final approval order. These terms are fully set forth in the final approval order and class action settlement agreement of the parties. These terms include, but are not limited to, the obligation to file a claim to obtain settlement benefits, and a full and final release of all claims relating to the matters settled with respect to those class members who did not timely exercise their right to opt out of the settlement.

10. Weitzner and Weitner's counsel thus agree that she has not opted out of the settlement, repudiates and revokes any previous attempt to opt out, and agree that Weitzner is bound by all the terms of the class action settlement agreement of the parties and the court's final approval order.

### B. Withdrawal Of Objections And Dismissal Of Appeal/Approval By Ninth Circuit

11. Weitzner and her counsel agree that in return for the promises of the parties set forth herein, including without limitation the monetary payment set forth below, and expressly conditioned on the ninth circuit approving this agreement and the dismissal of the appeal, Weitzner's objections are withdrawn, revoked and abandoned in their entirety, and she agrees that her appeal shall be dismissed with prejudice.

12. Weitzner agrees that she will not oppose in any way the motion requesting that her appeal be immediately dismissed, and for approval by the ninth circuit or the district court if the ninth circuit so rules of this Agreement. The Motion is to be filed in the ninth circuit by Class Counsel in accordance with the

2087721.1 08000/00944

terms of this settlement. Upon execution of this Agreement by all parties thereto, Class Counsel agrees to immediately file a motion to dismiss the appeal, and for approval of the Agreement, based on the Agreement of the parties thereto. Weitzner's counsel agrees to file a notice that she does not oppose the motion dismiss the appeal or approval of the Agreement, in order to expedite dismissal of the appeal and a ruling approving the Agreement, and Weitzner and her counsel confirm herein that this Agreement shall be attached to the motion to dismiss the appeal and this Agreement reflects that Weitzner and her counsel do not oppose the dismissal with prejudice of her appeal, and approval of the Agreement by the Ninth Circuit or district court, in response to the motion to be filed by Class Counsel.

C.  **Monetary Payment**

13.  Class Counsel agrees to pay Weitzner and Weitzner's counsel the sum of $25,000 in consideration for the terms and conditions stated herein. This payment shall be made payable to Weitzner and Weitzner's counsel and mailed to the address of record of Weitzner's counsel. Neither Weitzner nor her counsel shall be entitled to any payment other than the consideration set forth in this paragraph of the Agreement.

14.  The payment shall be made by Class Counsel out of the proceeds of the fees and costs to be paid to Class Counsel (and from no other source), in accordance with the terms of the Class Action Settlement Agreement and the

court's final approval order, and conditioned on approval of this Agreement by the Ninth Circuit or the district court. The payment shall be made to Weitzner and her counsel within 10 days after receipt and clearance of the proceeds of the award of fees and costs payable by PCNA to Class Counsel.

### D. Miscellaneous Terms

The parties hereby agree to the following additional terms:

15. The Parties hereby represent and warrant that: (a) they are not relying on any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Agreement, (b) they have been represented and advised by counsel in connection with the Agreement, (c) they are entering into the Agreement voluntarily and of their own choice and not under coercion or duress, (d) they have made their own investigation of the facts and are relying on their own knowledge and the advice of counsel, (e) they knowingly waive any claim that the Agreement was induced by any misrepresentation or non-disclosure, and (f) they knowingly waive any right to rescind or avoid the Agreement based upon presently existing facts, known or unknown. The Parties agree and stipulate that each is relying on these representations and warranties in entering into the Agreement. These representations and warranties shall survive the execution of the Agreement.

16. The Agreement may be amended or modified only in writing and signed by or on behalf of all of the Parties or their respective successors-in-interest.

17. This Agreement, and the parties agreement to be bound by the terms of the Class Action Settlement Agreement and the court's final approval order (as well as the terms set forth in each of these additional documents) constitute the entire agreement among the parties and no representation, warranties, or inducements have been made to a party concerning the Agreement other than the representation, warranties, and covenants contained and memorialized in such documents. The Agreement (along with the Class Action Settlement Agreement and the court's final approval order) is the entire agreement among the parties and supersedes and replaces all prior negotiations, agreements, or understandings, whether oral or written, among the parties.

18. The district Court or the ninth circuit court of appeal retains jurisdiction over the Action for the purpose of enforcing the Agreement and enjoining the prosecution of released claims.

19. The waiver by one Party of any breach of the Agreement shall not be deemed a waiver of any other prior or subsequent breach of the Agreement.

20. The Agreement and was agreed to after arm's length negotiations.

21. The Agreement shall be deemed to have been prepared jointly by all of the parties and shall not be interpreted more strictly against one party or the other, regardless of whether one party may have prepared the initial draft of the

Agreement or contributed more revisions to the document.

22. The Agreement may be executed in counterparts and signatures transmitted by facsimile or e-mail shall be equally as valid as original signatures. Each Party executing the Agreement warrants that he/she/it is fully authorized to do so and in so doing bind the person, trust, or entity.

23. The Agreement shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of California.

24. Other than as set forth herein, each party shall be their own costs and attorneys' fees.

Dated: September 2, 2014          LAGUARDIA LAW

                                  By: _____
                                  Eric A. LaGuardia
                                  Attorney for Objector
                                  Jill Weitzner

Dated: September 2, 2014          By: _____
                                  Jill Weitzner, Objector

Dated: September 2, 2014          KNAPP, PETERSEN & CLARKE

                                  By: _____
                                  Stephen M. Harris
                                  Class Counsel and Attorneys for
                                  Plaintiffs BRUCE EISEN,
                                  KYMMBERLI R. UREDA, LEE
                                  SMITH, and FREDERICK NELSON-
                                  BONEBRAKE, individually, and on
                                  behalf of a class of similarly situated
                                  individuals

2087721.1 08000/00944